UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>            Plaintiff, )<br>    v. )<br>TRUNG VAN LE, )<br>            Defendant. )<br>_____ ) | CASE NO.   CR06-319JLR<br><br>DETENTION ORDER |

Offenses charged:

    Count I:    Conspiracy to Distribute Marijuana, in violation of Title 21, U.S.C., Sections 841(a)(1), 841(b)(1)(A), and 846; and

    Count II:    Conspiracy to Engage in Money Laundering, in violation of Title 18, U.S.C., Section 1956(h).

Date of Detention Hearing: September 28, 2006.

    The Court, having conducted a contested detention hearing pursuant to Title 18 U.S.C. § 3142(f), and based upon the factual findings and statement of reasons for detention hereafter set forth, finds that no condition or combination of conditions which the defendant can meet will reasonably assure the appearance of the defendant as required and the safety of any other person and the community. The Government was represented by Ye-Ting

Woo. The defendant was represented by Suzanne Elliott, noting conditional representation pending potential conflict resolution.

The Government moves for detention, citing that the defendant admits to recent travel to Vietnam and Colorado. The Seattle and Denver Drug Enforcement Agency surveillance provides evidence of the defendant and his daughter, co-defendant Jennifer Le, transporting drugs and drug proceeds across state lines. According to the Government, the defendant was with his daughter at the time of a traffic stop in Colorado; that stop resulted in the seizure of $132,000 cash, U.S. Currency. The Government asserts that the defendant presents a heightened risk of flight to avoid prosecution given his admission and wiretap confirmation of flight to Vietnam, where he resided for two months after suspicion of being under investigation in relation to the pending matter.

The defendant argues for release, maintaining that he is gainfully employed and has strong family support. The defendant counters that he is not a danger the community as he is not a principle player in the alleged offense, and he does not present a flight risk as he returned from his two-month stay in Vietnam.

<u>FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION</u>

(1) There is probable cause to believe the defendant committed the conspiracy drug offense. The maximum penalty is in excess of ten years. There is therefore a rebuttable presumption against the defendant's release based upon both dangerousness and flight risk, under Title 18 U.S.C. § 3142(e).

(2) Nothing in this record satisfactorily rebuts the presumption against release for several reasons. Using the factors below, under Title 18 § 3142 (g), the Court considered the following:

(a) <u>The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic</u>

drug. The instant offense is a conspiracy drug offense involving the laundering of large sums of cash. The intertwining relationship of the co-defendants is a complex myriad of relatives, close friends, significant others and/or roommates. Specifically, the defendant has three children and an ex-wife who are co-defendant's in the pending matter. The unknown locations of the large sums of cash is under continued investigation, heightening the Court's concern of the defendant's access to monetary resources which may be used to facilitate flight. It should be noted that one co-defendant in this matter has reportedly already fled to Vietnam to avoid prosecution.

(b) The weight of the evidence. There is substantial evidence corroborating the instant charges, including Seattle and Denver Drug Enforcement Agency surveillance of the defendant transporting drugs and drug proceeds across state lines. The defendant was with his daughter, co-defendant Jennifer Le, at the time of a traffic stop in Colorado; that stop resulted in the seizure of $132,000 cash, U.S. Currency. Based upon the Colorado investigation of this defendant, the Government believes this defendant is a courier for the drug conspiracy lead by one of his sons.

(c) The history and characteristics of the person. In the Court's view, the family ties the defendant has to this district are undermined by their alleged involvement in this conspiracy. His employment appears to be sporadic.

DETENTION ORDER
PAGE -3-

   (d) <u>Risk of danger to the community</u>.  The nature of the instant offense consists of a drug conspiracy and money laundering involving large sums of cash, both posing a risk to the community.

(3) Based upon the foregoing information, it appears that there is no condition or combination of conditions that would reasonably assure future Court appearances and/or the safety of other persons or the community.

**It is therefore ORDERED**:

(l) The defendant shall be detained pending trial and committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2) The defendant shall be afforded reasonable opportunity for private consultation with counsel;

(3) On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

(4) The clerk shall direct copies of this order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Pretrial Services Officer.

DATED this 29th day of September, 2006.

              _/s/ M.J. Benton_
               Monica J. Benton
               U.S. Magistrate Judge